IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC VOELKER, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. CCB-19-1781 |
| WARDEN ALLEN GANG and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |

\*\*\*

## MEMORANDUM OPINION

Pending is Eric Voelker's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondents, by their counsel, have filed a limited answer (ECF No. 6) to which Voelker has replied (ECF No. 8). After consideration of the pleadings, exhibits, and applicable law, the court finds a hearing is unnecessary to resolve this matter. *See* Local Rule 105.6 (D. Md. 2011); Rule 8, "Rules Governing Section 2254 Proceedings in the United States District Courts." For the reasons that follow, Voelker's Petition and Motion shall be dismissed.

## BACKGROUND

On October 6, 1999, Voelker pleaded guilty in the Circuit Court for Baltimore City, Maryland, to one count of second-degree child abuse. *State of Maryland v. Voelker*, Case No. 199155018 (Cir. Ct. Balt. City) Docket Entries, ECF No. 6-1 at 3; Petition, ECF No. 1 at 1-2. That same day, he was sentenced to 15 years of incarceration, all of which was suspended in favor of three years of probation. ECF No. 6-1 at 3. Voelker did not file an application for leave to appeal the judgment. *See* ECF No. 1 at 2.

On December 12, 2002, Voelker was convicted of child abuse in the Circuit Court for Anne Arundel County, Maryland. *State of Maryland v. Voelker*, Case No. 02-K-02-001689 (Cir. Ct.

Anne Arundel Co.).  Therefore, on January 28, 2003, he was found to have violated his probation in the Baltimore City case.  *See* ECF No. 6-1 at 5; Request for Warrant, ECF No. 6-1 at 12-13.  As such, he was ordered to serve the balance of the suspended 15-year sentence.  ECF No. 6-1 at 5. Voelker did not file an application for leave to appeal judgment resulting from the violation of probation.  Rather, he filed a motion for sentencing reconsideration pursuant to Maryland Rule 3-435(b) and an application for review of his sentence by a three-judge panel in state circuit court. *Id.*; *see also* ECF No. 1 at 3.  The motion and application were both denied, leaving his sentence unchanged.  ECF No. 1 at 3.

More than ten years later, on September 30, 2013, Voelker filed a motion to correct an illegal sentence pursuant to Maryland Rule 4-345(a) in state circuit court.  ECF No. 6-1 at 6.  He filed the same motion on November 10, 2014, and on September 24, 2015, the circuit court denied relief.  *Id.* at 6, 17.

On February 28, 2019, Voelker filed a petition for a common law writ of habeas corpus in state court.  *Voelker v. Gang*, Case No. 24-H-19-000096 HC (Cir. Ct. Balt. City) Docket Entries, ECF No. 6-1 at 9-11.  On June 17, 2019, the circuit court dismissed the petition "without prejudice for lack of certificate of service."  *Id.* at 10.

On June 18, 2019, Voelker filed his federal Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, asserting four arguments for relief: (1) his guilty plea was unconstitutional; (2) his indictment was defective; (3) state law that was enacted after he pleaded guilty required him to register as a sex offender in violation of the *Ex Post Facto* Clause; and (4) defense counsel rendered ineffective assistance.  ECF Nos. 1, 1-1.  Respondents filed a limited answer arguing that Voelker's claims are unexhausted and procedurally barred because they can no longer be raised in

state court. ECF No. 6 at 7-14.  Voelker then replied claiming that his state habeas petition should not have been dismissed, he was not subject to the sex offender registration requirement, and he has evidence of his defective indictment.  ECF No. 8.  In addition, Voelker filed a self-titled Motion to Dismiss asking this court to find that the Circuit Court for Baltimore County violated his constitutional rights when it dismissed his state habeas petition.  ECF No. 9.

## DISCUSSION

Respondents argue that Voelker is procedurally barred from presenting his claims.  A petitioner seeking habeas relief in federal court generally must exhaust the remedies available in state court.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *See* 28 U.S.C. § 2254(c).

For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings.  To exhaust a claim on direct appeal in non-capital cases, a defendant must assert the claim in an appeal to the Court of Special Appeals of Maryland and then to the Court of Appeals of Maryland by way of a petition for a writ of certiorari.  *See* Md. Code Ann., Cts. & Jud. Proc. ("CJP") §§ 12-201, 12-301 (2013).  Relevant to this case, a defendant in Maryland may seek leave to appeal from a guilty plea judgment of conviction as well as from a violation of probation judgment.  CJP § 12-302(e), (g).

To exhaust a claim through post-conviction proceedings, a defendant must assert the claim in a petition filed in the circuit court in which the inmate was convicted within 10 years of the date of sentencing.  *See* Md. Code Ann., Crim. Proc. §§ 7-101 to 7-103.  After a decision on a post-conviction petition, further review is available through an application for leave to appeal filed with

3

the Court of Special Appeals. *Id.* § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. CJP § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

Here, Voelker did not seek leave to appeal to the Court of Special Appeals either at the time of conviction based on the guilty plea or when his sentence was reinstated following the violation of probation. In addition, Voelker never filed a petition for post-conviction relief in state circuit court. Although he filed a state habeas petition, "an action for state habeas is not sufficient to exhaust available state court remedies in Maryland." *Jenkins v. Fitzberger*, 440 F.2d 1188, 1189 n.1 (4th Cir. 1971) (noting that unlike the denial of a post-conviction petition, "the denial of a writ of habeas corpus by a Maryland trial court is not normally appealable"). Thus, Voelker failed to exhaust his state remedies.

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether by failing to raise the claim on direct appeal or in post-conviction proceedings, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note a timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise a claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (per curiam) (failure to raise a claim during post-conviction proceedings). Procedural default occurs when a habeas petitioner fails to exhaust such available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the

exhaustion requirement would now find the claims procedurally barred." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (quoting *Coleman*, 501 U.S. at 735 n.1).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, specifically, the conviction of one who is actually innocent. *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488). To demonstrate prejudice, the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Murray*, 477 U.S. at 494. In addition, a petitioner may obtain review of procedurally defaulted claims if the case "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)) (alteration in original). Such cases are generally limited to those for which the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Here, Voelker's claims are procedurally defaulted because he failed to exhaust available state remedies and he is now barred from presenting his claims to the appropriate state court. Voelker is prohibited from raising his claims in a post-conviction proceeding as he did not apply for leave to appeal from either the guilty plea conviction or the probation violation. *See* Md. Code

5

Ann., Crim. Proc. §§ 7-106(b) (stating that "an allegation of error is waived when a petitioner could have made but intelligently and knowingly failed to make the allegation . . . in an application for leave to appeal a conviction based on a guilty plea" or "in any other proceeding that the petitioner began"). Moreover, the time for filing a post-conviction petition has expired. *See* Md. Code Ann., Crim. Proc. § 7-103(b) (stating that "[u]nless extraordinary cause is shown, a petition . . . may not be filed more than 10 years after the sentence was imposed").

Neither exception to the procedural default bar applies. As to cause, Voelker does not allege that his failure to seek leave to appeal from his conviction or probation violation, or to file a post-conviction petition, was due to external circumstance. As to prejudice, Voelker presents no new evidence demonstrating that he is actually innocent.

Where Voelker has provided no basis for excusing his procedural default, the Petition shall be dismissed. Consequently, as Voelker's Petition is not properly before this court, the motion he filed in this matter shall also be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. Because the accompanying Order is a final order adverse to the applicant, Voelker must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(l).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Voelker fails to meet this standard and a certificate of appealability shall not issue. Voelker may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b); *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Petition shall be dismissed and a certificate of appealability shall not issue. Voelker's motion shall also be dismissed. A separate Order follows.

\_\_\_8/20/20_____  _____/S/_____
Date                                                               Catherine C. Blake
                                                                         United States District Judge